Barnard, P. J.
The plaintiffs compose the board of health of Nyack, under chapter 270, Laws 1885. A nuisance was found to exist upon certain premises in that village. The premises were owned by the Mutual Life Insurance Company of New York. One De Contillon had agreed to purchase, and had possession under the agreement, and Bells, the defendant, was an occupant of the property, and the agent of De Contillon. The nuisance was in an offensive and dangerous privy vault. By subdivision 6, § 3, of the act creating boards of health, such boards are authorized to make special orders for the suppression and removal of special nuisances. In these cases, copies of the orders were required to be served upon “any occupant or occupants and the owner or owners of any premises whereon any such nuisance” shall exist, “or to post the same in some conspicuous place on such premises. ” In ease of a non-compliance “with any order or regulation which shall have been served or posted as provided in subdivision 6 of section 3 of this act, the said board, or its servants or employes, may lawfully enter upon any premises to which such order or regulation relates, and suppress or remove the nuisance; * * * and the expense thereof shall be a charge upon the occupant, or any or all of the occupants, of said premises, or upon the person or persons who have caused or maintained the nuisance, or other matter of the description aforesaid, and may be sued for and recovered, with costs, by said board, in any court having jurisdiction.” It is manifest from these two provisions that the board were to decree a nuisance or other matter detrimental to health, and to serve a copy of the order on occupants and owners, or to post the order on the premises. It is a disobedience of this order which gives the right of action for the cost of a removal of the nuisance by the board. It is barely possible to infer the formal passage of a resolution to suppress this nuisance. It was reported a nuisance, and ordered suppressed. The only order issued was directed to De Contillon, requiring him to remove the nuisance within 15 days. This was not served upon him, but upon Bells, the agent. The agent was bound to do *324 nothing under the order, and no occupant of the premises was mentioned,, either as an individual or as a class. The legislature intended either occupant or owner or person who maintained a nuisance, who failed to obey the order to suppress, to be liable to an action for disobedience to the order. Under the general words giving action against these classes, no more was intended than . to give such action to persons who are disobedient to orders made by the board.. Particular names and particular acts are required when boards of health wish to sue for the expenses of doing the required act in case of disobedience. The-judgment should be reversed, with costs. All concur.